# **EXHIBIT 1**

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into as of the Effective Date, defined below, between plaintiff Virice Webb ("Plaintiff") and defendant Hungry Marketplace, Inc., ("Defendant").  Plaintiff and Defendant are collectively referred to as the "Parties" and individually as a "Party".

## W I T N E S S E T H:

**WHEREAS,** Plaintiff has made certain allegations against Defendant, pursuant to the federal Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL"), in a class and collective action complaint, filed in the United States District Court for the Eastern District of New York, entitled *Virice Webb, individually and on behalf of all others similarly situated v. Hungry Marketplace, Inc*., Case No. 1:21-cv-00083-EK-CLP, (the "Action");

**WHEREAS,** Defendant has denied and continues to deny the allegations made against it contained in the Action or that it engaged in any other wrongful conduct against Plaintiff;

**WHEREAS,** the Parties have agreed to resolve this matter solely to avoid the costs, burdens, and uncertainties of protracted litigation, and the execution of this Agreement shall not be construed as an admission of liability of any nature by Defendant, and in fact it is understood that Defendant has expressly disclaimed liability; and

**WHEREAS,** the Parties acknowledge that *bona fide* disputes and controversies exist between them, both as to liability and the amount of damages thereof, if any, and by reason of such disputes and controversies, they desire to compromise and have agreed to resolve amicably and settle fully, finally, and in a confidential manner, to the extent permitted by law, all of their past and present claims and potential disputes that existed or may exist, including but not limited to those relating to the subject matter of the disputes, arising out of or related to Plaintiff's allegations in the Action, pursuant to the terms and conditions of this Agreement;

**NOW, THEREFORE,** in consideration of the above recitals and mutual releases, promises, rights, covenants, and obligations contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Parties, having been represented by counsel and intending to be legally bound, and having independently concluded that it is in their respective best interests to do so, agree as follows:

(The foregoing "Whereas" clauses are true and correct and incorporated by reference as part of this Agreement.)

1. **Settlement Payment.**

a. Defendant shall have paid to Plaintiff a total sum of Thirty Five Thousand Dollars and Zero Cents ($35,000.00) (the "Settlement Payment") within thirty (30) days following the date on which the Court in the Action enters an order granting final approval of this Agreement and the parties' settlement, provided that: (a) this Agreement and the attached Stipulation of Dismissal

("Stipulation") are fully executed by the Parties; (b) the Court approves this Agreement and its settlement terms; and (c) the Stipulation is So-Ordered by the Court.

      b.      Subject to the conditions set forth in Section 1.a. above, the Settlement Payment will be dispatched via ACH transfers as follows:

           i.      The first ACH transfer will be in the gross amount of Eleven Thousand Two Hundred Forty-Five Dollars and Thirteen Cents ($11,245.13), less legally required taxes and deductions, made payable to "Virice Webb", which shall represent payment of alleged wage damages (under the first and second causes of action (alleged unpaid overtime), the third cause of action (alleged unpaid minimum and gap time wages), and the sixth cause of action (alleged retaliation under NYLL) and which shall be deemed income for tax year 2021.

           ii.      The second ACH transfer will be in the amount of Eleven Thousand Two Hundred Forty-Five Dollars and Twelve Cents ($11,245.12), which shall not be subject to withholdings, made payable to "Virice Webb", and which shall represent payment of alleged liquidated and non-wage damages.

           iii.      The third ACH transfer will be in the amount of Twelve Thousand Five Hundred Nine Dollars and Seventy-Five Cents ($12,509.75), made payable to "The Law Office of Christopher Q. Davis" Plaintiff's attorneys, which shall represent payment of alleged attorneys' fees and costs incurred by Plaintiff in this Action.

      c.      It is the intent and desire of Plaintiff that the portion of the Settlement Payment described in Section 1.b.i. of this Agreement shall be treated as W-2 income for tax year 2021 and shall constitute the payment of alleged wage damages. Plaintiff shall provide Defendant with a fully executed IRS form W-4 for tax year 2021 and the necessary ACH transfer information as pre-conditions to the payment of this portion of the Settlement Payment. An IRS Form W-2 for tax year 2021 shall be issued to Plaintiff with respect to this portion of the Settlement Payment after the end of the calendar year in which this portion is paid. Plaintiff agrees to indemnify and hold Defendant harmless from and against any and all taxes, interest, and penalties assessed in the event of Plaintiff's non-payment of taxes on such portion of the Settlement Payment.

      d.      It is the intent and desire of Plaintiff that the portion of the Settlement Payment described in Section 1.b.ii. of this Agreement shall be treated as 1099 income for tax year 2021 and shall constitute the payment of alleged liquidated and non-wage damages. Plaintiff shall provide Defendant with a fully executed IRS form W-9 for tax year 2021 and the necessary ACH transfer information as pre-conditions to the payment of this portion of the Settlement Payment. An IRS Form 1099 for tax year 2021 shall be issued to Plaintiff with respect to this portion of the Settlement Payment after the end of the calendar year in which this portion is paid. Plaintiff agrees to indemnify and hold Defendant harmless from and against any and all taxes, interest, and penalties assessed in the event of Plaintiff's non-payment of taxes on such portion of the Settlement Payment.

      e.      The portion of the Settlement Payment referred to in Section 1.b.iii. shall be treated as 1099 income for tax year 2021 for attorneys' fees and costs, not wages, under applicable federal, state, and local law and regulation. The Law Office of Christopher Q. Davis and Plaintiff shall each

provide Defendant with a fully executed IRS form W-9 for tax year 2021, and the Law Office of Christopher Q. Davis shall provide Defendant with the necessary ACH transfer information as pre-conditions to the payment of this portion of the Settlement Payment. An IRS Form 1099 for tax year 2021 shall be issued to The Law Office of Christopher Q. Davis and Plaintiff with respect to this portion of the Settlement Payment after the end of the calendar year in which this portion is paid. Plaintiff agrees to indemnify and hold Defendant harmless from and against any and all taxes, interest, and penalties in relation to such portion of the Settlement Payment. Plaintiff further agrees to indemnify and hold Defendant harmless from and against any costs, including attorneys' fees, associated with enforcement of this indemnification provision, should enforcement measures become necessary.

  f. The Parties acknowledge and agree that the Settlement Payment is made in satisfaction of all claims that were or could have been asserted by Plaintiff, including but not limited to all claims under the FLSA and NYLL, and to any and all attorneys' fees, costs, expenses, liquidated damages, interest, and administrative costs. Plaintiff agrees that he has no future entitlement to any compensation, wages, tips, gratuities, overtime, salary, bonus, commissions, payouts, severance pay, vacation pay, benefits, damages, attorneys' fees, or costs other than have been asserted in the Action, and Plaintiff shall not bring or participate in any subsequent action to the contrary. The Parties further acknowledge and agree that the Settlement Payment and the obligations set forth in Section 1 of this Agreement shall constitute full and final settlement of all past, present, and future claims and causes of action by Plaintiff against Defendant arising out of or related to Plaintiff's alleged employment with Defendant, and all possible claims or issues relative to Plaintiff's allegations will be forever settled in their entireties.

  2. **Mutual General Releases.**

  a. As a material inducement to Defendant to enter into this Agreement and in consideration of the Settlement Payment and other consideration, the receipt and value of which are hereby agreed to and acknowledged, Plaintiff, on behalf of himself, his heirs, successors, representatives, assigns, any putative class or collective members whose interests Plaintiff seeks to represent, attorneys, agents, executors, and administrators ("Releasors"), hereby irrevocably and unconditionally releases, acquits, and forever discharges Defendant and its present, past, and future owners, affiliates, related business entities, parent companies, subsidiaries, predecessors, successors, assigns, divisions, directors, officers, trustees, members, employees, stockholders, representatives, insurers, business managers, accountants, attorneys, agents, executors, and administrators, in their individual and representative capacities, and all persons acting by, through, and under, or in concert with any of these (hereinafter collectively referred to as "Releasees"), from any and all charges, complaints, claims (individually and on behalf of a class), liabilities, obligations, suits, demands, rights, liens, costs, losses, debts, expenses, agreements, contracts, covenants, actions, suits, causes of action, judgments, and orders of whatever kind or nature in law, equity, or otherwise, including but not limited to, all claims for penalties, general damages, punitive damages, compensatory damages, special damages, equitable relief, attorneys' fees, and costs actually incurred, of any nature whatsoever known or unknown, suspected or unsuspected, concealed or hidden, that Releasors had, now have, or in the future may or could have against Releasees, arising out of or relating to any matter of Plaintiff's employment up to the Effective Date of this Agreement, including, any claim, whether brought on an individual basis or as part of a class, collective, or representative action,

under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*; the Older Worker Benefits Protection Act of 1990; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071 (1991); 42 U.S.C. § 1981; 42 U.S.C. § 1983; the National Labor Relations Act, 29 U.S.C. § 151 *et seq.*; the Equal Pay Act of 1963, 29 U.S.C. § 206(d); the Worker Adjustment and Retraining Notification (WARN) Act; the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*; the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*; the Genetic Information Nondiscrimination Act (GINA); the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*; the New York State Worker Adjustment and Retraining Notification Act; the New York State Human Rights Law, N.Y. Executive Law § 290 *et seq.*; the New York City Human Rights Law, New York City Charter and Administrative Code; Title VIII, § 8-107 *et seq.*; the New York State Civil Rights Law, N.Y. Civil Rights Law § 79-e *et seq.*; the New York State Labor Law, § 1 *et seq.*; Section 125 of the New York State Workers' Compensation Law; Article 23-A of the New York Correction Law; the New York City Earned Safe and Sick Time Act ("ESSTA"); any other federal, state, and local equal employment, fair employment, or civil or human rights law (whether statutory, regulatory, or decisional); the statutory, regulatory, or common law of any jurisdiction, including, but not limited to, any and all tort claims (e.g., assault; battery; false imprisonment; defamation; intentional infliction of emotional distress; negligent infliction of emotional distress; wrongful termination; negligent hiring, supervision and/or retention; conversion; interference with contract; abusive discharge; and/or loss of consortium, companionship, services or society), any and all contract claims (e.g., breach of contract, fraud, and/or breach of covenant of good faith and fair dealing) and under any and all applicable federal, state and local laws, administrative rules or regulations, including any and all claims already asserted and unasserted and related to Plaintiff's employment with Defendant (or his relationship with any other Releasee) and the cessation thereof.

   b. As a material inducement to Plaintiff to enter into this Agreement, Defendant and its executors, administrators, present, past and future owners, affiliates, related business entities, parent companies, subsidiaries, predecessors, successors, assigns, agents, divisions, directors, officers, trustees, members, employees, stockholders, representatives, insurers, attorneys, and all persons acting by, through, under or in concert with any of these, on behalf of themselves, in their individual or representative capacities (hereinafter collectively referred to as "Defendant Releasors") hereby irrevocably and unconditionally release, acquit, and forever discharge Plaintiff, his heirs, successors, representatives, agents, executors and administrators, present, past and future owners, affiliates, related business entities, parent companies, subsidiaries, predecessors, successors, assigns, agents, divisions, directors, officers, trustees, members, employees, stockholders, representatives, insurers, attorneys, in their individual and representative capacities, and all persons acting by, through, under, or in concert with any of these on behalf of himself (hereinafter collectively referred to as "Plaintiff Releasees") from any and all charges, complaints, claims, liabilities, obligations, suits, demands, costs, losses, debts, and expenses, including, but not limited to, all claims for penalties, general damages, punitive damages, compensatory damages, special damages, equitable relief, attorneys' fees and costs actually incurred, of any nature whatsoever known or unknown, suspected or unsuspected, which against the Plaintiff Releasees the Defendant Releasors had, now have, or in the future might or could have, arising out of or relating to any matter up to the Effective Date of this Agreement, whether under any theory, including, but not limited to, any and all claims in connection with Plaintiff's alleged employment with Defendant and the cessation thereof, including, but not

limited, all claims or causes of action that Defendant Releasors might have with respect to breach of contract, implied or express; impairment of economic opportunity; intentional or negligent infliction of emotional distress; false arrest; assault; battery; false imprisonment; invasion of privacy; prima facie tort; defamation; libel; slander; negligent termination; malicious prosecution; the Action; or any other tort, whether intentional or negligent; or any claim or cause of action known or unknown.

      c.      Plaintiff shall also discontinue and withdraw, with prejudice, his collective action claims under the FLSA and his Rule 23 of the Federal Rules of Civil Procedure ("FRCP") class action claims under the NYLL.

      d.      Notwithstanding anything else set forth herein, nothing herein shall be deemed a waiver of: (i) claims for breach of this Agreement; (ii) claims that may arise based upon events occurring after the Effective Date; or (iii) claims that cannot be waived as a matter of law.

      e.      Plaintiff acknowledges that he might discover facts or law different from or in addition to the facts or law he knows or believes to exist with respect to a released claim. He agrees, nonetheless, that this Agreement and the releases contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

      f.      Plaintiff acknowledges that he was paid and has received all compensation, wages, tips, gratuities, bonuses, commissions, and benefits to which he was entitled and that no leave, compensation, wages, tips, gratuities, bonuses, commissions, or benefits are due to him from Defendant. Further, Plaintiff acknowledges and agrees that he has not suffered any workplace injury that has not already been reported to and/or addressed by Defendant.

      g.      If any legal proceeding, whether individual, collective, or class action, is instituted in court or a federal, state, or local administrative agency, including, but not limited to, any proceeding conducted by either the federal or state Departments of Labor (collectively referred to herein as "Proceeding"), Plaintiff waives all relief available to him (including, without limitation, monetary damages, equitable relief, and reinstatement) under any of the claims and/or causes of action waived in Section 2 of this Agreement. Therefore, Plaintiff agrees that he will not accept any award or settlement from any source or Proceeding (including but not limited to any Proceeding brought by any other person or by any government agency) with respect to any claim or right waived in this Agreement. If any such Proceeding is currently in process, Plaintiff agrees that he will, to the extent of his ability, seek to have it closed with prejudice.

      h.      Plaintiff further agrees, to the extent permitted by law, that neither he nor any person acting by, through, under, or in concert with him, will initiate, encourage, assist, or participate in any Proceeding, including but not limited to providing any information to a person bringing a Proceeding against Defendant or Releasees or to any third-party on behalf of that entity or person, unless lawfully subpoenaed or otherwise ordered to do so by a court or administrative agency in connection with any investigation it is conducting or as otherwise required by applicable law, concerning any of the claims and/or causes of action waived in Section 2 of this Agreement. Should Plaintiff and/or any person acting by, through, under, or in concert with him be subpoenaed or subjected to court order to attend to testify, Plaintiff shall notify Defendant within seventy-two (72) hours of Plaintiff's receipt of said subpoena or court order (unless compliance with the subpoena or court order is

demanded in less than seventy-two (72) hours, in which case notice shall occur within twenty-four (24) hours of receipt of the subpoena or court order) by sending a copy of the subpoena or court order to the attention of Defendant, pursuant to Section 17 hereof, so that compliance or objection to same can be directed or raised by Defendant. Nothing herein shall preclude Plaintiff from disclosing information to any agency of the federal, state, or local government or court pursuant to court order and/or subpoena with respect to this matter.

3. **Non-Publication.** Plaintiff agrees that he will not in any manner publicize the terms of this Settlement Agreement, which includes notifying any member of the media regarding the terms and conditions of the Settlement Payment or Agreement and posting or disseminating the terms and conditions of the Settlement Payment or Agreement on any social media (including, but not limited to, Facebook, Twitter, Instagram, Law 360, or similar outlets). Such prohibition extends to dissemination of any information, whether oral, electronic, or in any document form, including, but not limited, to providing copies of this Agreement and information regarding the terms of this Agreement. Dissemination of this Agreement and the terms set forth herein shall be limited to filing documents with the Court, as is necessary to effectuate the Agreement, as may be required by law or governmental agency, for tax purposes, or pursuant to subpoena or court order. Plaintiff may state that the matter: has been settled to the satisfaction of the Parties. Notwithstanding the aforementioned provision, nothing herein shall preclude Plaintiff from disclosing any information to any agency of the federal, state, or local government or court pursuant to court order and/or subpoena, for which appearance Plaintiff may receive any fees allowed by law. Plaintiff agrees to notify Defendant within ten (10) business days if he is compelled by subpoena or court order or otherwise contacted by any third parties, to appear and testify concerning matters encompassed by this Agreement. Plaintiff also agrees he will not contest Defendant's standing to move to quash any such subpoena. Nothing in this Section 3 shall prohibit the Parties from speaking truthfully about their claims and/or defenses, under the FLSA or NYLL, or the resolution thereof. Further, nothing in this Section 3 shall prevent the Parties from filing the executed Settlement Agreement with the Court for approval or the Court from filing the resolution of those claims.

4. **Mutual Non-Disparagement.**

a. Plaintiff agrees that, at all times following the Effective Date of this Agreement, he shall not publish or communicate to any person or entity or direct others to publish or communicate to any person or entity, any Disparaging Remarks concerning Defendant. Plaintiff shall not be deemed to be in breach of this provision, however, by providing truthful testimony to any court or governmental agency or for making truthful statements regarding Plaintiff's experience litigating the Action. For purposes of this Agreement, the term "Disparaging Remarks" shall mean remarks, comments, statements, or communications (in any form, including but not limited to written, oral, or electronic) that: (i) reflect adversely upon the affairs or practices of the person or entity about whom the remarks are made or (ii) impugn the character, honesty, integrity, morality, acumen, or abilities of the person or entity about whom the remarks are made or toward whom the remarks are directed.

b. Defendant agrees that, at all times following the Effective Date, its officers and directors shall not publish or communicate to any person or entity any Disparaging Remarks concerning Plaintiff and shall not instruct or direct others to do so.

       c.     Defendant agrees that if any prospective employer of Plaintiff shall contact Defendant for reference or recommendations, Defendant shall provide only a neutral employment reference, confirming only Plaintiff's dates of alleged employment and job title(s).  All such communications from prospective employers to Defendant shall be directed to Brad Koch, Controller, or Jeff Grass, CEO via HR@tryhungry.com or Finance@tryhungry.com.

       d.     Truthful statements about the Parties' experiences in litigating their claims and defenses herein under the FLSA and NYLL shall not be deemed to be Disparaging Remarks under or otherwise a violation of this Section.

       5.     **Future Employment.** Although nothing prohibits Plaintiff from seeking future employment with Defendant, Plaintiff understands and agrees that Defendant's decision not to extend any future offer of employment to Plaintiff shall not constitute unlawful retaliation in violation of the FLSA, NYLL, or any other statute, law, regulation, or ordinance regulating the payment of wages and prohibiting retaliation in response to complaints regarding same, for having participated in the Action.

       6.     **Remedy for Breach.**  In the event a Court of competent jurisdiction finds that a Party has failed to comply with the terms and conditions of this Agreement, the non-breaching Party shall be entitled, in addition to any other right or remedy it may have at law or in equity related to breaches of this Agreement, to all reasonable costs associated with enforcing this Section and the Agreement overall, including, but not limited to, attorneys' fees, if said non-breaching Party prevails in a claim for breach of this Agreement, as determined by a court of competent jurisdiction.

       7.     **No Admissions.**  Plaintiff acknowledges and agrees that Defendant has entered into this Agreement solely for the purpose of avoiding the burden, uncertainty, and cost of protracted proceedings and/or litigation.  Further, neither this Agreement nor the furnishing of consideration for the release intended shall be construed as an admission that Defendant or any Releasee has violated any federal, state, or local law (statutory or decisional), ordinance, or regulation, or that Defendant or any Releasee has committed any wrong against Plaintiff.

       8.     **Representations and Acknowledgements.**  Plaintiff hereby represents and agrees that he has been advised by Defendant of his right to discuss all aspects of this Agreement with an attorney, financial advisor, and/or representative of his choice; he has so consulted with an individual/entity of his choice and that individual/entity has answered any questions he might have had, or he had the opportunity to consult with an individual/entity of his choice and chose not to do so; he has carefully read all of the provisions of this Agreement; he fully understands all of the provisions of this Agreement; he has had a reasonable period of time to consider whether to enter into this Agreement; and he is voluntarily and knowingly entering into this Agreement.

       9.     **Entire Agreement.**  This Agreement represents the complete and full settlement of any and all claims of Plaintiff against Defendant or any Releasee under the FLSA and NYLL and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.  Plaintiff represents and acknowledges that in executing this Agreement, he does not rely upon any representation or statement made by Defendant with regard to the subject matter, basis, or effect of this Agreement other than those contained herein.  This

Agreement may not be changed in any respect, except by a writing, duly executed by the Parties or authorized representatives of the Parties.

10. **Capability to Waive Claims.**  Plaintiff is competent to affect a knowing and voluntary release and waiver of all claims as contained herein and hereby does so waive all such claims and to enter into this Agreement and is not affected or impaired by use of alcohol, drugs, or other substances or otherwise impaired.  Plaintiff is not a party to any bankruptcy, lien, creditor-debtor, or other proceeding that could impair the right to settle all claims against Defendant or to waive all claims that Plaintiff may have against Defendant as waived and released herein.

11. **No Waiver.**  Failure to insist on compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that term, covenant, or condition nor shall any waiver or relinquishment of any right or power at any other time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

12. **Severability.**

    a.  The provisions of this Agreement shall be deemed separate and severable.  Should any provision or portion of the Agreement be held invalid or unenforceable, the affected provision shall be modified to the extent necessary to make it legal, valid, and enforceable.  If it cannot be so modified, it shall be severed from the Agreement, and the remainder of this Agreement shall remain unaffected and continue in full force and effect, which then shall be interpreted to bar any and all claims Plaintiff may have against Defendant.

    b.  If the release of claims contained in Section 2 of this Agreement is limited or held to be null and void, then: (i) this Agreement shall be interpreted or modified to bar any claim that Plaintiff may assert or if not so interpreted and/or modified (ii) Plaintiff shall execute an enforceable general and unlimited release of all claims.  If, however, neither Section 12.b.(i) nor Section 12.b.(ii) can be accomplished, as a matter of law, and Plaintiff institutes an action against Defendant, then Plaintiff shall return, upon demand by Defendant, the Settlement Payment, or if its return is not permitted by law or not demanded by Defendant, such amount shall be a set-off against any recovery.

13. **Jointly Drafted Agreement**.  This Agreement shall be deemed to have been jointly drafted by the Parties, and no provision herein shall be interpreted or construed for or against any Party because such Party drafted or requested such provision or this Agreement as a whole.

14. **Applicable Law, Jurisdiction, and Venue**.  The interpretation and application of the terms of this Agreement shall be governed by the laws of the State of New York, excluding its conflicts of law provisions that would result in the application of the laws of any jurisdiction other than New York.  The Parties submit to and recognize the exclusive jurisdiction and proper venue of the courts of the United States District Court for the Eastern District of New York, sitting in Brooklyn, New York, over any action or other proceeding arising out of or in connection with this Agreement or over the terms of any continuing obligation to Releasees.  To the extent permitted by applicable law, the Parties waive and agree not to assert, by way of motion, as a defense, or otherwise, that the suit, action, or proceeding is brought in an inconvenient forum, that the venue of

the suit, action, or proceeding is improper, or that this Agreement may not be enforced in or by such courts.

15. **No Assignment of Claims**. Plaintiff represents and warrants that he has not assigned or hypothecated any claims herein released in any manner to any person or other entity, in any manner, directly or indirectly. Plaintiff is not aware of any liens and/or pending legal claims applicable to the Settlement Payment. Plaintiff also agrees that he will be solely responsible to satisfy any liens or pending legal claims asserted against Plaintiff or Releasees as against the Settlement Payment.

16. **Counterpart Signatures.** This Agreement may be signed in counterparts, provided that each Party receives a copy, fully signed by the other Party. Electronic signatures such as facsimile, .pdf, or .tiff files shall be given the same force and weight as if they were original signatures. In addition, any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature and shall be binding upon the Party whose counsel transmits the signature page by facsimile or email.

17. **Notice.** Any notice or other communication required or permitted to be given in connection with this Agreement shall be in writing and shall be mailed by e-mail or certified mail, return receipt requested, or by the most nearly comparable method of mailing from or to a location outside the United States, or by Federal Express, Express Mail, or similar overnight delivery or courier service or delivered in person to the Party to whom it is to be given at the address of such Party as set forth in this Section (or to such other address as the Party shall have furnished in writing in accordance with this Section):

>  Virice Webb
>  333 Patchen Ave., Apt 7A
>  Brooklyn, NY 11233
>  riistracywebb@gmail.com
>
>  w/copy to:
>  The Law Office of Christopher Q. Davis
>  80 Broad Street, Suite 703
>  New York, NY 10004
>  Attn: Christopher Q. Davis, Esq.
>  cdavis@workingsolutionsnyc.com
>
>
>  Hungry Marketplace, Inc.
>  4420 Fairfax Drive, #102
>  Arlington, VA 22203
>  Attn: Jeff Grass, CEO
>  Finance@tryhungry.com

>w/copy to:
>Gordon Rees Scully Mansukhani, LLP
>One Battery Park Plaza, 28th Floor
>New York, NY 10004
>Attn: David J. Grech, Esq.
>dgrech@grsm.com

18. **Effective Date.** This Agreement shall become effective as of the date of the Order of the Court approving this Agreement or as of the date the Court So-Orders the accompanying Stipulation, whichever is later, without need of any further action by any Party or the Court.

19. **Medicare/Medicaid.** Plaintiff represents that he was not enrolled in the Medicare or Medicaid programs at the time he performed work for Defendant. Plaintiff represents and warrants that no Medicare or Medicaid payments have been made to or on behalf of him and that no liens, claims, demands, subrogated interests, or causes of action of any nature or character ("Liabilities") exist or have been asserted arising from or related to any released claim. Plaintiff further agrees that he, and not Releasees, shall be responsible for satisfying all such Liabilities that may exist or have been asserted or that may in the future exist or be asserted. Plaintiff agrees to assume responsibility for any and all expenses, costs, or fees incurred by Plaintiff in connection with Plaintiff's alleged injuries or claims that relate to Medicare or Medicaid conditional payments, Liabilities, or other rights to payment, relating to medical treatment or lost wages that have been or may be asserted by Medicare or Medicaid. Plaintiff will indemnify and hold Releasees harmless from any and all Medicare and Medicaid Liabilities and rights to payment related to Plaintiff's injuries alleged in the Action. While it is impossible to accurately predict the need for medical treatment, this settlement is based upon a good faith determination of the Parties in order to resolve a disputed claim. The Parties have made every attempt to resolve this matter in compliance with both state and federal law, and it is believed that the settlement terms adequately consider and protect Medicare's and Medicaid's interest and do not reflect any attempt to shift responsibility of treatment to Medicare or Medicaid in contravention of 42 U.S.C. § 1395y(b) or any other applicable statute. The Parties acknowledge and understand that any present or future action or decision by the Centers for Medicare & Medicaid Services ("CMS") on this settlement or Plaintiff's eligibility or entitlement to Medicare, Medicaid, or Medicare or Medicaid payments, will not render this release void or ineffective, or in any way affect the finality of this settlement.

**PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT; THAT THIS AGREEMENT HAS BEEN FULLY EXPLAINED TO HIM BY COUNSEL OF HIS CHOICE, NAMELY THE LAW OFFICE OF CHRISTOPHER Q. DAVIS; THAT HE FULLY UNDERSTANDS THE FINAL AND BINDING EFFECT OF THIS AGREEMENT; THAT THE ONLY PROMISES MADE TO HIM IN EXCHANGE FOR SIGNING THIS AGREEMENT ARE THOSE STATED ABOVE; AND, THAT HE IS SIGNING THIS AGREEMENT VOLUNTARILY IN ORDER TO FINALLY, COMPLETELY, AND CONCLUSIVELY SETTLE ALL MATTERS THAT WERE OR COULD HAVE BEEN RAISED IN THE COMPLAINT. PLAINTIFF AGREES TO WAIVE AND RELEASE ANY CLAIM THAT THIS AGREEMENT WAS PROCURED BY OR THAT HE WAS INDUCED TO ENTER INTO THIS AGREEMENT BY FRAUD, DURESS,**

MISUNDERSTANDING, OR COERCION AND FURTHER WAIVES AND RELEASES ANY CLAIM FOR FRAUD IN THE INDUCEMENT OR ANY SIMILAR CLAIM.

**VIRICE WEBB**

By: *Virice Webb* (signature)
    Virice Webb

Date: 7-23-21

**HUNGRY MARKETPLACE, INC.**

By: _____

Name: _____

Title: _____

Date: _____

MISUNDERSTANDING, OR COERCION AND FURTHER WAIVES AND RELEASES ANY CLAIM FOR FRAUD IN THE INDUCEMENT OR ANY SIMILAR CLAIM.

**VIRICE WEBB**

By: _____
    Virice Webb

Date: _____

**HUNGRY MARKETPLACE, INC.**

By: *Jeff Grass* (signature)

Name: __Jeff Grass__

Title: __CEO__

Date: __7/23/2021__

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
VIRICE WEBB, individually and on behalf of all :
others similarly situated, :
: **Case 1:21-cv-00083-EK-**
Plaintiffs, : **MMH**
:
-against- :
:
: **STIPULATION OF**
HUNGRY MARKETPLACE, INC. : **DISMISSAL**
: **WITH PREJUDICE**
Defendant. :
----------------------------------------------------------------X

**WHEREAS,** Plaintiff Virice Webb filed a Complaint, which asserts claims under the federal Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL");

**WHEREAS,** the Parties reached an agreement to resolve this case and Plaintiff's claims through arm's-length negotiations and have entered into a Settlement Agreement (the "Agreement"), formally memorializing the Parties' settlement;

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of a *bona fide* dispute over a provision or provisions of the FLSA and/or payment of wages; and

**WHEREAS,** this Court shall retain jurisdiction to enforce the terms of the Agreement;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the Parties, that this case be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Dated: July _____, 2021

| | |
|---|---|
| LAW OFFICE OF CHRISTOPHER Q. DAVIS, PLLC<br>*Attorneys for Plaintiff* | GORDON REES SCULLY MANSUKHANI, LLP<br>*Attorneys for Defendant* |
| By: __/s/ Christopher Q. Davis<br>Christopher Q. Davis, Esq.<br>Hajar Hasani, Esq.<br>80 Broad Street, Suite 703<br>New York, NY 10004<br>(646) 430-7930 | By: ___/s/ David J. Grech<br>David J. Grech, Esq.<br>Francis J. Giambalvo, Esq.<br>One Battery Park Plaza, 28th Floor<br>New York, NY 10004<br>(212) 269-5500 |

SO ORDERED:

Dated: _____, 2021

_____

Hon. _____