**THE LAW OFFICE** *of* **CHRISTOPHER Q. DAVIS**

**WORKING SOLUTIONS NYC**

**VIA ECF**

November 30, 2021

Honorable Marcia M. Henry
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

      Re:    *Webb, et al. v. Hungry Marketplace, Inc.*, Civil Action No. 1:21-cv-00083 (EK) (MMH)

Dear Judge Henry:

      Our office represents Plaintiff Virice Webb in the above captioned matter. We write in response to Your Honor's order on October 22, 2021 that the parties submit a cover letter along with a proposed second amended settlement agreement. Attached as Exhibit A is a redline of the second amended settlement agreement and attached as Exhibit B is a clean copy of said agreement.

      The parties have revised the previous provisions at issue, §§ 2(a) and 2(b) and removed §§ 11(b) and 18 entirely in an effort to narrowly tailor the release of claims to only wage and hour claims throughout the agreement in accordance with widely established *Cheeks* precedent in this Circuit. *See Pucciarelli v. Lakeview Cars, Inc.*, No. 16-CV-475, 2017 WL 2778029, at *4 (E.D.N.Y. June 26, 2017) (approving proposed release where terms of release were not unconnected to the FLSA and related specifically to wage and hour issues without encompassing, for example, prospective discrimination claims); *c.f. Batres v. Valente Landscaping Inc.*, No. 14-CV-1434 (SIL), 2016 WL 4991595, at *3 (E.D.N.Y. Sept. 19, 2016) (declining to approve a settlement agreement that would release "claims arising under theories of liability not alleged in the instant action"); *Francis v. Bowery Residents' Comm., Inc.*, No. 15-CV-7102 (RLE), 2016 WL 4120500, at *1 (S.D.N.Y. July 14, 2016) (holding that a release provision was overly broad where it required that the plaintiffs release claims "wholly unrelated to FLSA actions, including claims that arise under the Americans with Disabilities Act, contract claims, and tort claims"); *Lopez v. Nights of Cabiria LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015) (finding that release that included claims beyond wage and hour claims or matters related to the instant action to be impermissibly overbroad); *Flood v. Carlson Rests. Inc.*, No. 14-CV-2740, 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015) (rejecting a settlement agreement that, in effect, "waive[d] any possible claims

against [the] [d]efendants—including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.").

Moreover, the language of the previous provisions, §§2(h) and 3 were revised to provide clarity on the notice terms in circumstances where Plaintiff is compelled by subpoena or court order to testify to matters encompassed by the settlement agreement. Finally, in regard to §§ 4(a) and 4(b), the mutual non-disparagement clauses, Plaintiff elects not to specifically list names of individual supervisors and finds that instructing Defendant's officers and directors to not disparage Plaintiff to be sufficient.

Should the Court have any questions, please do not hesitate to contact us.

Respectfully submitted,

_____

Christopher Davis

cc: All counsel of record (via ECF)